FILED

DEC 18 2008 √G

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 07-13753-B-7 |
| Star Ready Mix, Inc., | ) | DC No. TGM-4 |
| Debtor. | ) | |

## MEMORANDUM DECISION REGARDING TRUSTEE'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL *NUNC PRO TUNC*

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Trudi G. Manfredo, Esq., appeared on behalf of Randell Parker, chapter 7 trustee.

T. Scott Belden, Esq., appeared on behalf of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP, as the proposed special counsel for chapter 7 trustee.

Mark L. Pope, Esq., Assistant United States Trustee, appeared on behalf of Sara L. Kistler, Acting United States Trustee.

Before the court is the Trustee's Motion to Employ Special Counsel *Nunc Pro Tunc* (the "Motion"). Randell Parker, chapter 7 trustee (the "Trustee") seeks to employ the law firm of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein") to serve as his "special counsel" pursuant to 11 U.S.C. § 327(e). The United States Trustee ("UST") objects on the grounds that Klein already represents a party with adverse interests and is not eligible to represent the Trustee. For the reasons set forth below, the Motion will be granted.

109

This memorandum decision contains the court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 327[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**Background and Findings of Fact.**

The background of this case is adequately stated in the declarations filed in support of the Motion and need not be repeated fully here. In summary, this case was filed on November 13, 2007. The Trustee needed to act quickly to protect and liquidate significant assets. Klein was contacted by the Trustee the next day and immediately began to perform the legal work that was needed, without waiting for the court to authorize its employment. Klein sought and obtained court approval for an auction of the assets on shortened time. The assets were gathered and sold at auction by mid-January 2008. The estate benefitted by approximately $50,000. Klein's services were concluded by mid-February 2008.[2]

The Trustee filed an ex parte application to employ Klein as general counsel on December 17, 2007. The court denied the application on January 3, 2008 because it did not have sufficient disclosure regarding Klein's connections with two creditors who held claims against the bankruptcy estate. The UST did not object or even respond to Klein's ex parte application. The Trustee then filed a noticed motion for Klein's employment

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]Klein incurred fees of approximately $7,677 and costs of approximately $143 for these services. Klein intends to seek approval of its fees if this court approves its employment. The court takes no position here with regard to the allowability of those fees.

1  which was set for hearing on February 7, 2008. The UST filed her objection on the day

2  of the hearing. The court determined that Klein had a conflict of interest by virtue of its

3  representation of a creditor with adverse interests to the estate.  The court determined that

4  Klein was not "disinterested" and not eligible for employment as the Trustee's general

5  counsel under § 327(a).  The Trustee now seeks to employ Klein retroactively as "special

6  counsel" for the work it performed pursuant to § 327(e).

7  **Analysis and Conclusions of Law.**

8        Section 327(a) of the Bankruptcy Code authorizes the Trustee to employ as general

9  counsel an attorney who is a "disinterested person" and does not hold or represent an

10  interest adverse to the bankruptcy estate.[3]  Section 327(e) creates a limited exception to

11  the "disinterested" test under § 327(a).  It authorizes the Trustee to employ as "special

12  counsel" an attorney who may otherwise not be "disinterested" and eligible for

13  employment under § 327(a):

14        The trustee, with the court's approval, may employ, for a
          *specified special purpose, other than to represent the trustee*
15        *in conducting the case,* an attorney that has represented the
          debtor, if in the best interest of the estate, and if such attorney
16        does *not represent or hold any interest adverse to the debtor*
          *or to the estate with respect to the matter on which such*
17        *attorney is to be employed.*  (Emphasis added.)

18        The Trustee has the burden of proof to show that the proposed employment is

19  proper. *See In re Big Mac Marine, Inc.*, 326 B.R. 150, 154 (8th Cir. BAP 2005).  The

20  Trustee does not contend that Klein is eligible for employment under § 327(a).  This court

21  has already denied the Trustee's application to employ Klein as general counsel based on

22

23  _____

24        [3]The term "disinterested person" is defined in § 101(14) in pertinent part as a person who;

25        is not a creditor, an equity security holder, or an insider;

          . . .

26        does not have an interest materially adverse to the interest of the
          estate or of any class of creditors or equity security holders, by
27        reason of any direct or indirect relationship to, connection with, or
          interest in, the debtor, or for any other reason.
28

3

Klein's prior and concurrent representation of a creditor with interests adverse to the bankruptcy estate and that ruling is now final. That ruling, however, did not foreclose the possibility of Klein's employment under § 327(e).

The language of § 327(e) sets up a three-prong test for the employment of special counsel. First, the employment may only be authorized for a "specified special purpose" other than "conducting the case." The "special purpose" must be unrelated to the debtor's reorganization and must be "explicitly defined or described in the application seeking approval of the attorney's employment." 3 *Collier on Bankruptcy* (15th Ed. Rev.) ¶ 327.04[9][d] (2006).

The second and third prongs of the "special counsel" test are dependent upon the first. Once the purpose for special counsel's employment is adequately and specifically defined, then the Trustee must show that the proposed attorney or law firm "does not represent or hold any interest adverse to the debtor or to the estate" with respect to the specified purpose of the proposed employment. The Trustee must also show that the employment of special counsel for a specified purpose is in the "best interest of the estate." The second and third prongs are not at issue here. The court is satisfied that the conflict which barred Klein's employment as general counsel did not taint the work which Klein performed for the estate. The court is also satisfied that the estate benefitted significantly from Klein's service to the Trustee. The issue before the court then is whether Klein's employment satisfies the "special purpose" test.

When an attorney is not a "disinterested person," but purports to act under the exception of § 327(e), approval by the court must be explicit; it cannot take the form of silent acquiescence. 3 *Collier on Bankruptcy* (15th Ed. Rev.), ¶ 327.04[9][d] (2006). When the "adverse interest" specter looms like a dark cloud over a professional's employment under § 327(e), the court must closely scrutinize the proposed "special purpose" for that employment. *In re Running Horse, L.L.C.*, 371 B.R. 446, 452 (Bankr. E.D. Cal. 2007). The court may look at the totality of the circumstances to determine whether the scope of work will, or has been, properly limited to a "special purpose"

4

within the meaning of § 327(e).  Those circumstances include the actual services performed by counsel before and after commencement of the case.  *Id.*  A professional whose services may be vital to the debtor's reorganization effort, but who is not "disinterested" and eligible for employment under § 327(a), cannot circumvent that requirement by trying to characterize the employment as "special counsel" under § 327(e).  *In re Tidewater Memorial Hospital, Inc.*, 110 B.R. 221, 228 (Bankr. E.D. Va. 1989).

Based on the analysis in Klein's well-reasoned supplemental brief,[4] the court is persuaded that the Trustee seeks to employ Klein for a "specified special purpose," which is sufficiently disconnected from the Trustee's general duty of conducting the case. § 327(e); *See In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y. 1992).  When the Trustee needed immediate assistance to protect valuable assets of the estate, Klein stepped forward and provided that service.  The UST argues that the protection and liquidation of assets are part of the Trustee's general administrative duties.  Technically, the UST is correct, but the UST cites no authority for the proposition that one or two of the Trustee's administrative tasks cannot be segregated out for "special purpose" treatment under § 327(e).  Hypothetically, if the Trustee needed legal representation to protect or liquidate an asset in another jurisdiction, there is no reason why that activity could not be narrowly defined as a "special purpose" for the employment of counsel.  Once the court denied Klein's employment as general counsel under § 327(a), Klein wound up its activities in the case and the Trustee sought the employment of another attorney.  There is no evidence to suggest that Klein advised the Trustee in any matters other than the limited work that was done, the emergency protection and liquidation of specific assets.

---

[4]At oral argument, the court invited the parties to submit supplemental briefs with authorities which define the "special purpose" test.  The court also invited Klein to distinguish this case from the court's prior decision in *In re Running Horse, L.L.C.*, *supra*, 371 B.R. 446 wherein the employment of "special counsel" was denied for lack of a "specified special purpose."

5

The court is also mindful of the practical problem here.  A chapter 7 trustee must have the ability to respond and act quickly when given a case with assets that can be removed or diminish in value.  That effort, as here, often requires court approval on shortened time.  When that situation arises, the trustee must be able to rely upon willing and competent counsel.  If the Trustee in that situation was unable to function until his attorney was fully vetted and approved, the cost to the estate could be significant.  The service which Klein did in this case was performed quickly and well.  There is no evidence to suggest that Klein's loyalty to the bankruptcy estate was compromised in any way.

### *Nunc Pro Tunc* **Employment.**

As a general rule, the trustee must seek authorization to employ a professional person before the services are rendered.  In exceptional circumstances, the bankruptcy court has the equitable power to authorize that employment *nunc pro tunc* if, *inter alia*, (1) the failure to seek timely employment is satisfactorily explained and (2) there was no prejudice to the bankruptcy estate.  *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 973-74 (9th Cir. 1995).  The court is satisfied that the *Atkins'* factors have been met here and that *nunc pro tunc* employment of Klein is appropriate.

### **Conclusion.**

Based on the foregoing, the court is persuaded that the Trustee seeks to employ Klein for a "specified special purpose," which is sufficiently limited in scope and unrelated to the Trustee's general administration of the case.  The court is also persuaded that Klein did not have a conflict of interest with regard to the services it performed and that the estate benefitted significantly from that service.  Accordingly, the Motion will be granted.

Dated: December ___/8___, 2008

_____
W. Richard Lee
United States Bankruptcy Judge

6